```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF MINNESOTA
                    Civil No.: 18-1826(DSD/KMM)
```

Susan F. Strohn, Individually,
as Special Administrator of the
Estate of Steven C. Strohn, Deceased,
and as Trustee for the Next of Kin
of Steven C. Strohn, Decedent,

      Plaintiff,

v.                                         **ORDER**

Xcel Energy Inc., Northern States Power
Company, Northern States Power
Company-Minnesota, Northern States
Power Company-Wisconsin, Home Depot
U.S.A., Inc., XPO Logistics, Inc., Garan,
LLC, and Ploog Electric, Inc.,

      Defendants.

    Jordan W. Adam, Esq. and Fraser Stryker PC LLO, 500 Energy Plaza, 409 South 17th Street Omaha, NE 68102, counsel for plaintiff.

    Anthony J. Novak, Esq. and Larson King, LLP, 30 E 7th Street, Suite 2800, St. Paul, MN 55101, counsel for defendant Xcel Energy, Inc.

    Michael T. O'Rourke, Esq. and Law Office of Maureen A. Hill, 3600 American Blvd. West, Suite 340 Bloomington, MN 55431, counsel for defendant Ploog Electric, Inc.

    Mark A. Fredrickson, Esq. and Lind Jensen Sullivan & Peterson, PA, 901 Marquette Avenue S., Suite 1300, Minneapolis, MN 55402, counsel for defendant XPO Logistics, Inc.

    Timothy J. Fetterly, Esq. and McCollum Crowley Moschet, Miller & Laak, Ltd, 7900 Xerxes Avenue S, Suite 700, Minneapolis, MN 55431, counsel for defendant Garan, LLC.

    David M Reddan, Esq. and Arthur Chapman Kettering Smetak & Pikala, 81 South 9th Street, Suite 500 Minneapolis, MN 55402, counsel for defendant Home Depot U.S.A., Inc.

This matter is before the court upon the motion for partial dismissal by defendant Northern States Power Company, a Minnesota company (d/b/a Xcel Energy) (NSP). Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion.

**BACKGROUND**

In June 2016, plaintiff Susan F. Strohn and her husband Steven C. Strohn purchased an electric range stove for their cabin in Le Sueur County, Minnesota from defendant Home Depot USA, Inc. Compl. ¶¶ 16, 18. In early July 2016, defendants Home Depot, XPO Logistics, Inc., a transportation and logistical services company, and/or Garan LLC, a trucking company, delivered the stove to the Strohn's cabin.[1] Id. ¶¶ 9, 10, 20, 24. The installer removed the existing gas stove, which required him or her to disconnect the gas stove from a gas line in the cabin. Id. ¶¶ 19, 21, 22. The installer allegedly failed to cap, seal, close, or otherwise neutralize the gas line after disconnecting it from the gas stove. Id. ¶ 23. The gas line was not visible, because the new electric stove obscured it from view. Id. ¶ 24.

In August 2016, defendant Ploog Electric, Inc. installed an electrical outlet for the new stove next to the gas line. Id.

---

[1] It is unclear at this time which defendant delivered the electric stove.

¶¶ 25-27. Ploog did not notice the allegedly uncapped gas line and failed to cap, seal, close, or otherwise neutralize the gas line. Id. ¶¶ 28, 29.

On May 20, 2017, a fire broke out in the cabin which severely burned Steven Strohn and his mother Joann L. Strohn. Id. ¶¶ 32-34. Both died from their injuries. Id. ¶ 34. The fire also caused significant damage to the cabin and its contents. Id. ¶ 35. Plaintiff alleges that the fire was caused by a natural gas leak from the uncapped gas line. Id. ¶ 36.

On June 29, 2018, Susan Strohn, individually, as special administrator of the estate of Steven C. Strohn, and as trustee for the next of kin of Steven C. Strohn, filed this suit alleging wrongful death (against all defendants), strict liability design defect (against NSP), strict liability manufacturing defect (against NSP), strict liability failure to warn (against NSP), strict liability post-sale failure to warn (against NSP), negligence (against all defendants), non-product liability failure to warn (against NSP), breach of express warranty (against NSP), and breach of implied warranties of merchantability and fitness for a particular purpose (against NSP). Plaintiff also raises a survival claim against all defendants on Steven Strohn's behalf based on, among other things, the severe mental and physical pain he experienced before he died on June 9, 2017, three weeks after the fire. NSP now moves to dismiss various improperly named

3

entities, the survival claim, the strict liability claims, and the implied warranty of fitness for a particular purpose claim. Defendants Home Depot, XPO, and Garan join the motion with respect to the survival claim.

**DISCUSSION**

**I. Standard of Review**

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

**II. Proper Defendants**

Plaintiff has named the following Northern States Power

entities in this action: Xcel Energy, Inc., Northern States Power Company, Northern States Power Company-Minnesota, and Northern States Power Company-Wisconsin. NSP argues that it is the correct defendant and that the other entities are improperly named parties. Specifically, NSP represents that it is the "only entity that provided natural gas to Minnesota residents." NSP Supp. Mem at 5. NSP further explains that Xcel Energy is a holding company that does not provide natural gas services, Northern States Power-Wisconsin does not provide natural gas to Minnesota residents, and Northern States Power Company and Northern States Power Company-Minnesota are not actual corporate entities. Id.; see also Solheim Aff., ECF No. 57, ¶¶ 1-2. NSP asks the court to dismiss the improperly named entities and re-caption the case accordingly. Plaintiff requests the opportunity to engage in discovery before the court makes a determination.

The court is unpersuaded that discovery is necessary to resolve this issue. NSP has represented to the court that it is the proper defendant and that the other entities have no involvement in the underlying facts. On the strength of that representation, the court will dismiss Xcel Energy, Inc., Northern States Power Company, and Northern States Power Company-Wisconsin. Further, Northern States Power Company-Minnesota will be renamed Northern States Power Company, a Minnesota Corporation (d/b/a Xcel Energy). Should it later become clear that one of the dismissed

5

entities was properly named in this action, the court will allow plaintiff to amend the pleadings and NSP will be subject to sanctions.

**III. Survival Claim**

NSP argues that the survival claim should be dismissed because Minnesota law expressly prohibits such claims. See Minn. Stat. § 573.01 ("A cause of action arising out of an injury to the person dies with the person of the party in whose favor it exists...."). Plaintiff argues that Nebraska law should apply instead. Nebraska recognizes that a "claim for predeath pain and suffering" is a "proper cause of action, separate and distinct from the wrongful death statutes." Corona de Camargo v. Schon, 776 N.W.2d 1, 8 (Neb. 2009); see Neb. Rev. Stat. § 25-1401 ("[C]auses of action for ... an injury to real or personal estate, ... shall also survive, and the action may be brought, notwithstanding the death of the person entitled or liable to the same."). Thus, a "separate action on behalf of the decedent's estate for conscious pain and suffering experienced before death, medical expenses, and funeral and burial expenses may be joined as a separate cause of action in an action for wrongful death." Reiser v. Coburn, 587 N.W.2d 336, 339 (Neb. 1998).

Plaintiff, while acknowledging that NSP is a Minnesota company and that the accident and injuries occurred in Minnesota, argues that Nebraska law should apply because Mr. and Mrs Strohn were

Nebraska residents. Strohn Aff. ¶ 2. Plaintiff urges the court to undertake a choice of law analysis. NSP responds that plaintiff's place of residence is insufficient to raise a legitimate choice of law issue. The court disagrees. Plaintiff has properly raised the issue of which state's law applies and the court must undertake that analysis.

Federal courts sitting in diversity apply the forum state's conflict of laws rules. Minn. Mining & Mfg. Co. v. Kirkevold, 87 F.R.D. 324, 331 (8th Cir. 1980). Under Minnesota law, the first inquiry is whether an actual conflict of laws exists. Nodak Mut. Ins. Co. v. Am. Family Mut. Ins., 604 N.W.2d 91, 93-94 (Minn. 2000). A conflict exists if application of the law of either state would be outcome determinative. Id. at 94. There is no dispute that there is an outcome determinative conflict between Minnesota and Nebraska law.[2] The court therefore turns to the following factors to determine which law to apply: (1) predictability of results, (2) maintenance of interstate order, (3) simplification of the judicial task, (4) advancement of the forum's governmental interests and (5) the better rule of law. Id.

### A. Predictability/Simplification of the Judicial Task

The court finds that the first and third factors do not favor the law of either state. The first factor, predictability of

---

[2] The parties do not dispute, and the court is independently satisfied, that either state's law may be constitutionally applied. See Whitney v. Guys, Inc., 700 F.3d 1118, 1123 (8th Cir. 2012).

results, applies primarily to consensual transactions, and not to torts. Nesladek v. Ford Motor Co., 876 F. Supp. 1061, 1068 (D. Minn. 1994). The third factor, simplification of the judicial task, is "not given much weight" and not implicated in this case because the court can apply the law of either state without difficulty. See Nodak, 604 N.W.2d at 95.

**B. Maintenance of the Interstate Order**

The second factor addresses whether application of Minnesota law would manifest disrespect for the law of Nebraska based on a comparison of the relevant interests of each state. Id. In tort cases such as this, maintenance of interstate order is satisfied "as long as the state whose laws are purportedly in conflict has sufficient contacts with and interest in the facts and issues being litigated." Danielson v. Nat'l Supply Co., 670 N.W.2d 1, 8 (Minn. Ct. App. 2003).

Here, there are significant contacts between Minnesota and the underlying facts. NSP is a Minnesota company that provided the product at issue - natural gas - to a cabin in Minnesota. And the product allegedly caused significant personal injury and property damage in Minnesota. In contrast, Nebraska bears little relationship to the case, except that it was the Strohns' state of residence at the time of the accident. Therefore, this factor favors Minnesota law.

C.  **Advancement of State Interest**s

The fourth factor assures that Minnesota courts do not apply a rule of law that is inconsistent with the interests and concepts of fairness and equity of Minnesota.  See Nodak, 604 N.W.2d at 95; Danielson, 670 N.W.2d at 8.  Plaintiff argues that applying Nebraska law is consistent with Minnesota's general policy of compensating injured parties.  Although Minnesota has a stated interest in fully compensating victims, Bigelow v. Halloran, 313 N.W.2d 10, 12 (Minn. 1981), that fact does not compel application of Nebraska law under the circumstances.  First, the cases plaintiff relies on are inapposite.  See id. (applying Iowa law because the injury occurred in Iowa, the victim (the plaintiff in the case) was an Iowa resident, and applying Minnesota law would have barred the victim from pursuing any damages for her injuries); Boatwright v. Budak, 625 N.W.2d 483, 488-89 (Minn. Ct. App. 2001) (applying Iowa law to compensate a victim when the accident occurred in Iowa and application of Minnesota law would have barred the plaintiff from recovering damages against the vehicle's owner).  Second, plaintiff is not left without the possibility of compensation if the court dismisses the survival claim, because she may still pursue damages for her injuries and those of the estate.  This factor also weighs in favor of Minnesota law.

**D.  Better Law**

Minnesota courts do not apply the fifth factor unless all other factors are inconclusive.  See Nodak, 604 N.W.2d at 96; Danielson, 670 N.W.2d at 9.  Because the other factors are neutral or favor Minnesota law, the court does not consider this factor. As a result, the court determines that Minnesota law applies and that plaintiff's survival claim must be dismissed.

**IV.  Strict Liability Claims**

NSP next argues that the strict liability claims (design defect, manufacturing defect, failure to warn, and post-sale failure to warn) should be dismissed.  NSP specifically argues that under well-established Minnesota law,[3] public gas distributors cannot be held strictly liable for damages arising from the sale and distribution of gas unless the utility had "exclusive control" over the "instrumentality causing the harm." Mahowald v. Minn. Gas Co., 344 N.W.2d 856, 860, 862 (Minn. 1984).  Here, plaintiff does not allege that NSP had exclusive control over the gas line - the instrumentality that caused the fire.  Indeed, the complaint alleges that numerous other parties - the Strohns and the other defendants - had access to the gas line during the relevant time period.  See Compl. ¶¶ 20-31.  As a result, plaintiff has not plausibly alleged that NSP maintained exclusive control over the

---

[3] There is no dispute that Minnesota law applies to the remaining claims at issue.

gas line in the cabin, and the court must dismiss the strict liability claims.

**V.   Implied Warranty of Fitness for a Particular Purpose Claim**

NSP lastly argues that the court should dismiss the claim for breach of the implied warranty of fitness for a particular purpose because plaintiff has not alleged that the Strohns intended to use the gas for a particular purpose.  The court agrees.  The statute provides as follows:

> Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.

Minn. Stat. § 336.2-315.  A "'particular purpose' differs from the ordinary purpose for which the goods are used in that it envisages a specific use by the buyer which is peculiar ... whereas the ordinary purposes ... [are those] which are customarily made of the goods in question."  Id. Adv. Comment 2.

Here, plaintiff has not alleged that the Strohns intended to use the gas for anything other than its ordinary purpose:  fueling a gas stove.  See Compl. ¶¶ 19-23.  As a result, the court dismisses this claim as well.

The court denies plaintiff's request to amend the complaint. The claims dismissed are not tenable as a matter of law and even artful re-pleading will not change that fact.  Plaintiff may

proceed with the case on her several remaining claims against NSP and the other defendants.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion for partial dismissal [ECF No. 29] is granted;

2. Xcel Energy Inc., Northern States Power Company, and Northern States Power Company-Wisconsin are dismissed from the case; and

3. Defendant Northern States Power Company-Minnesota shall be renamed Northern States Power Company, a Minnesota Corporation (d/b/a Xcel Energy).

Dated: November 7, 2018

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court